981 F.2d 1259
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ivory PRATT, Petitioner-Appellant,
v.
Wayne ESTELLE, Warden, CMC, Respondent-Appellee.
 No. 92-55383.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 9, 1992.*
Decided Dec. 11, 1992.
 
 Before TANG, PREGERSON and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ivory Pratt, a California state prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas petition. We have jurisdiction under 28 U.S.C. § 2253 and review the denial de novo. Norris v. Risley, 878 F.2d 1178, 1180 (9th Cir.1989). We affirm.
 
 Sentence Enhancement
 
 3
 Pratt's first contention is that the district court erred in holding that his prior convictions were properly used to enhance his sentence upon conviction for residential burglary, falsely identifying himself to a police officer, and misdemeanor battery. Pratt claims that he was not advised of the privilege against self-incrimination before he admitted to the prior convictions.
 
 
 4
 An admission to prior convictions is unconstitutional absent a showing that the defendant was advised of the privilege against self-incrimination. Boykin v. Alabama, 395 U.S. 238, 242-43 (1969). Constitutionally invalid convictions cannot be used to enhance a sentence. United States v. Tucker, 404 U.S. 443, 448 (1972).
 
 
 5
 Pratt initially admitted to his prior convictions without a showing that he was advised of his rights under the fifth amendment. On direct appeal, the California Court of Appeal reversed his sentence and remanded the case for a jury trial on Pratt's prior convictions. The jury found him guilty of the convictions, and Pratt does not allege that the jury was ever informed that he previously admitted to the prior convictions. Therefore, Pratt's claim lacks merit.
 
 Ineffective Assistance of Counsel
 
 6
 Pratt's second contention is that his trial counsel was ineffective in failing to advise him of the privilege against self-incrimination when he admitted to the prior convictions.
 
 
 7
 In order to demonstrate that counsel was ineffective, a habeas petitioner must show that counsel's performance fell below that of a reasonable attorney and that counsel's errors created a reasonable probability that, but for the errors, the outcome of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984).
 
 
 8
 Pratt was retried on the prior convictions without any evidence of his admission to the priors. Therefore, Pratt cannot establish any prejudice caused by his counsel's failure to advise him of his fifth amendment rights. His contention is meritless. See Strickland, 466 U.S. at 687.
 
 Double Jeopardy
 
 9
 Pratt's final contention is that his jury trial on the prior convictions violated the double jeopardy clause. Respondent claims that Pratt failed to raise this claim in the district court. A close reading of Pratt's habeas petition filed in the district court, however, reveals that he did raise this claim, although he did not address it in great detail. See Brown v. Vasquez, 952 F.2d 1164, 1166, n. 7 (9th Cir.1992), cert. denied, 112 S.Ct. 1778 (1992) (filings by pro se petitioners should be construed liberally).
 
 
 10
 The double jeopardy clause does not bar the retrial of a defendant where the evidence presented at the original sentencing hearing, whether erroneously admitted or not, would have been sufficient to support enhancing the defendant's sentence. Lockhart v. Nelson, 488 U.S. 33, 41-42 (1988).
 
 
 11
 Pratt does not claim that the prior convictions were insufficient to enhance his sentence, but merely that they were improperly admitted. Pratt's sentence was enhanced seven years: one year for his prior grand theft conviction, one year for his prior burglary conviction, and five years for his prior robbery conviction. This enhancement was proper under California law. See Cal.Pen.Code §§ 667(a), 667.5(b). Therefore, Pratt's claim lacks merit. See Nelson, 488 U.S. at 41-42.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3